UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MYRON TRE-MAYNE LANE, | ) C/A No. 4:24-00158-TMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| | ) |
| ANDREA CAPERS, Q. QUICK, JASON MILES | ) |
| AND JACKIE MCGEE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. 1983[1]. Plaintiff filed his complaint on January 9, 2024, alleging that the Defendants violated his constitutional rights and seeking monetary damages. (ECF No. 1). On July 30, 2024, Defendants filed a motion for summary judgment along with a memorandum and affidavits in support. (ECF No. 52). As the Plaintiff is proceeding *pro se*, the court issued an order on or about August 1, 2024, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (ECF No. 53). Plaintiff has failed to file a response to the motion for summary judgment.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to the motion for summary judgment. Plaintiff has not responded to the motion for summary judgment or the court's order requiring him to respond. The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice and Respondent's motion for summary judgment be rendered moot. If the petitioner notifies the court within the time set forth for filing objections to this report that he wishes to continue with this case and complies with this court's prior Roseboro order (ECF No. 53), the Clerk of Court is directed to vacate this report and return this case to the undersigned for further handling. If, however, no objection and response are filed, the Clerk of Court shall forward this report to the district court for disposition.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 16, 2024
Florence, South Carolina

The parties' attention is directed to the important information on the attached notice.