IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Myron Tre-Mayne Lane, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:24-cv-0158-TMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrea Capers, Q. Quick, Jason Miles and Jackie McGee, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Myron Tre-Mayne Lane, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 29, 2024, the court entered an order summarily dismissing Florence County Detention Center from this action with prejudice and without issuance and service of process. (ECF No. 20). However, the court authorized service of process against the remaining Defendants—Andrea Capers, Q. Quick, Jason Miles and Jackie McGee. (ECF No. 13). Subsequently, Defendants filed a joint motion for summary judgment, (ECF No. 52), and the magistrate judge issued an order on August 1, 2024, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of Defendants' motion and the possible consequences if Plaintiff failed to adequately respond thereto. (ECF No. 53). The *Roseboro* order was mailed to Plaintiff at the address he provided the court on August 1, 2024, (ECF No. 54), and has not been returned to the court as undeliverable. Despite the warning in the *Roseboro* order, Plaintiff filed no response to Defendant's motion, and the time to do so has long

since expired. In fact, Plaintiff has not submitted any filings or participated in any way in this lawsuit for almost seven months.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 55), recommending that the court dismiss this action under Rule 41(b) for failure to prosecute, *id*. at 3. The Report was mailed to Plaintiff at the address he provided the court. (ECF Nos. 56). Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report within 14 days of service, (ECF No. 55-1), but failed to do so, and time has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 55), which is incorporated herein by reference. Accordingly, the court **DISMISSES** this action for failure to prosecute.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 5, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.